# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 01-60220
Summary Calendar
_____

JOHNNY W. HARTFIELD,

Plaintiff-Appellant,

VERSUS

GEORGIA PACIFIC CORPORATION; LEAF RIVER FOREST PRODUCTS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(2:99-CV-295)
_____

September 21, 2001

Before JONES, SMITH, and
    EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnny Hartfield appeals a summary judgment dismissing his personal injury action against Georgia Pacific Corp. ("Georgia Pacific") and Leaf River Forest Products, Inc. ("Leaf River"). The district court ruled that Hartfield was a borrowed servant under Mississippi law and therefore that the defendants are sheltered from liability by the provision of workers' compensation benefits by Manpower, Inc. ("Manpower"), the employer from whom Hartfield was borrowed. The court also held that Georgia Pacific is not

liable for negligence with regard to the forklift that was the cause of Hartfield's injury, because Georgia Pacific introduced affidavits showing that it did not own the forklift at the time of injury, which evidence Hartfield did not contradict. Finding no error, we affirm, essentially for the reasons stated by the district court in its comprehensive opinion of February 5, 2001.

## I.

Hartfield was an employee of Manpower, an employment placement agency, which had a contract with Leaf River to supply employees. Under this contract, Hartfield was placed at Leaf River as a forklift operator and reported to, and was under the direction of, Leaf River's supervisors, similarly to employees hired directly by Leaf River, but he was paid by Manpower, which maintained workers' compensation insurance coverage on Hartfield.

Hartfield was injured on October 31, 1996, when the fuel tank on the forklift he was operating exploded, allegedly from a defective valve. Manpower's workers' compensation policy provided payments to Hartfield, who continued to work at Leaf River as a forklift operator for seven months.

## II.

Hartfield sued Georgia Pacific and Leaf River, a wholly owned subsidiary. In Mississippi, workers' compensation is the exclusive remedy against one's employer for on-the-job injuries. MISS. CODE ANN. 71-3-9. Utilizing the appropriate test under Mississippi law, the district court held that Hartfield was a borrowed employee and therefore that Leaf River is immune from suit, because Manpower's workers' compensation insurance covered Hartfield. The court closely followed

*N. Elec. Co. v. Phillips*, 660 So. 2d 1278 (Miss. 1995), which concluded that an employer using workers from an employment agency was immune from suit by virtue of employment agency's provision of workers' compensation insurance.[1] Where one is employed by two employers in relation to the same act, or in which the employee is a "borrowed employee" of one employer from the other, both employers are exempt from liability for workplace negligence actions, "although only one of them has provided workmen's compensation insurance." *Honey v. United Parcel Serv.*, 879 F. Supp. 615, 618 (S.D. Miss. 1995). Accordingly, there can be no recovery from Leaf River.

## III.

Hartfield also appeals the summary judgment in favor of Georgia Pacific, arguing that he should be allowed to go to trial on the issues of (1) whether Georgia Pacific provided Leaf River with a defective forklift and (2) whether the forklift was owned by Georgia Pacific. Citing cases from other jurisdictions, Hartfield contends that any negligence of Georgia Pacific, as corporate grandparent of Leaf River, is not immunized by Manpower's provision of workers' compensation insurance, because Hartfield was borrowed by Leaf River, not Georgia Pacific. Hartfield argues that, therefore, if he can prove that Georgia

---

[1] "Summary judgment is appropriate [under the 'borrowed servant' doctrine] where a temporary employment agency assigns an employee to another employer and the employee performs the normal work of the second employer and is controlled and supervised by that employer. In Mississippi, one may be employed by more than one employer and both employers gain immunity from common-law negligence actions." *N. Elec.*, 660 So. 2d at 1282.

Pacific's negligence caused his injuries, he may pursue a claim against it.

Hartfield seizes on the fact that the forklift was purchased by Georgia Pacific. Because Georgia Pacific was not involved in any of the operations at the Leaf River facility, however, Hartfield may pursue a claim against Georgia Pacific for negligence in maintaining the forklift only if Georgia Pacific owned the forklift or had some duty to maintain it for Leaf River.

Recognizing this requirement, the district court granted summary judgment for Georgia Pacific because Georgia Pacific had provided affidavits stating that the forklift had been transferred to Leaf River before Hartfield's injury. Hartfield produced no evidence disputing these affidavits but instead argues, without reference to authority, that "[w]ithout a bill of sale or any other document, the Court should find the title to the forklift remained in [Georgia Pacific]."

This argument is without merit. Defendants' motion for summary judgment included sworn affidavits stating that Leaf River owned the forklift. Once defendants presented this properly supported motion, Hartfield was required to "bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982). Hartfield produced no evidence disputing the ownership of the forklift, but only complained that the defendants had not provided evidence of ownership in a form he preferred. This is not sufficient to show a genuine issue of fact.

AFFIRMED.

3